IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY GROSSNICKLE, : | |
| : | |
| Plaintiff, : | |
| : | No. 4:09-CV-2190 |
| v. : | |
| : | (McClure, J.) |
| OFFICER McGEE, OFFICER HILL, : | |
| and OFFICER BERNARD, : | |
| : | |
| Defendants. : | |

**MEMORANDUM**

April 19, 2010

## I. BACKGROUND

On November 3, 2009, plaintiff Jerry Grossnickle instituted this civil action under 42 U.S.C. § 1983 against three members of the Pennsylvania State Police ("PSP"): Trooper McGee, then Captain and now Major Kenneth Hill, and Sergeant Bernard. (Rec. Doc. No. 1). In his complaint, Grossnickle alleges that defendants violated (1) his Fourth Amendment right against illegal searches, (2) his Fourteenth Amendment right to equal protection of the laws and the "substantive due process right to be free of unlawful interference in his familial relationships resulting from arbitrary and capricious state action,"[1] and (3) his First Amendment

---

[1] Grossnickle appears also to allege a conspiracy between McGee, Hill, and Bernard, under Pennsylvania law, "to protect McGee who had an improper interest in Grossnickle's family life." Id. at 1.

right to petition the government for a redress of grievances.[2]  See id. at 2-3.  Grossnickle alleges that McGee unlawfully searched his background and that McGee attempted to interfere, and conspired with Hill and Bernard to interfere, with Grossnickle's marriage in violation of Grossnickle's Fourteenth Amendment rights.  In addition, Grossnickle alleges that his First Amendment right to petition the government for a redress of grievances was violated by Hill and Bernard.  See id. at 5.

## II. PROCEDURAL HISTORY

On January 5, 2010, defendant McGee filed a motion to dismiss.  (Rec. Doc. No. 4).  On January 21, 2010, this court issued an order deeming McGee's motion to dismiss to be withdrawn, as he had failed to file a supporting brief within fourteen days after the filing of his motion in conformity with Middle District Local Rule 7.5.  (Rec. Doc. No. 12).  On January 22, 2010, McGee filed a motion for reconsideration of this court's order from the previous day.  (Rec. Doc. No. 13).  Attached to McGee's motion for reconsideration, in addition to a certificate of

---

[2] Grossnickle's First Amendment claim is only alleged as against defendants Hill and Bernard.  See id. at 5 (declaring that "Hill and Bernard violated [Grossnickle's] 1st Amendment right to seek a redress of grievances and also that Hill and Bernard acted to cover up or otherwise unlawfully minimize McGee's unlawful activities . . . .")

concurrence/nonconcurrence[3] and a proposed order, was what the defendant claimed would have been his brief in support of his motion to dismiss. Id. On January 28, 2010, McGee filed his brief in support of his motion for reconsideration of this court's order dated January 21, 2010, as well as a supplemental certificate of non-concurrence by plaintiff. (Rec. Doc. Nos. 14 and 15). Plaintiff did not file a brief opposing defendant McGee's motion.

This court, by an order dated February 24, 2010, granted defendant McGee's motion for reconsideration. (Rec. Doc. No. 16). Also as part of our February 24, 2010 Order, this court deemed the defendant's motion for reconsideration as properly filed and directed the plaintiff to file a brief in opposition to the defendant's motion to dismiss within fourteen days. Id. After granting plaintiff's motion for an extension of time in which to respond to the defendant's motion to dismiss (Rec. Doc. No. 18), the plaintiff filed a brief in opposition on March 19, 2010 (Rec. Doc. No. 19). Defendant McGee has not filed a reply brief.

The instant matter is now ripe for disposition. Therefore, and in light of the following, we will grant defendant McGee's motion to dismiss. (Rec. Doc. No. 4).

---

[3] In his certificate of concurrence/nonconcurrence, McGee noted that plaintiff's counsel was unavailable to offer his concurrence or nonconcurrence; as such, the defendant indicated that he would file a supplemental certificate of concurrence/nonconcurrence in conformity with the Federal Rules of Civil Procedure. See id.

## III. STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellmann, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not 'shown' - - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950 (citing Fed. R. Civ. P. 8(a)). The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by

5

dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

**IV. ALLEGATIONS IN THE COMPLAINT**

Taking as true all of the allegations in the complaint, the facts are as follows. In the summer of 2007, Jerry Grossnickle was engaged to a woman named Heather, his future wife. During this summer, defendant McGee contacted Heather to inquire as to whose car was parked in her driveway; Heather responded that it was her fiance's vehicle. In September of 2007, Jerry and Heather were married. At some point thereafter, Heather received a call from McGee, and he informed her that "he had run a background check on Jerry Grossnickle." (Rec. Doc. No. 1 at 3). Heather did not tell Jerry.

Although Heather told McGee that she did not want him to contact her, on or around June of 2008 McGee began emailing and text messaging her, as well as driving by the now-married couple's home in Hughesville, Pennsylvania. On June 8, 2008, Heather told Jerry that McGee had been "harassing her" and that she had

6

learned from him that "he had searched law enforcement data bases for information about Jerry." Id. According to the complaint, McGee referred to this search as "a 'background' check." Id. At Jerry Grossnickle's request, Attorney William J. Meile sent a letter to defendant Hill on June 30, 2008, in which he sought the cessation of "these harassments." Id. at 4.

Jerry Grossnickle also had complained to the PSP. Reportedly, defendant Hill told Grossnickle that the latter "was 'blowing everything out of proportion.'" Id. Grossnickle alleges that he corrected defendant Hill and requested that an investigation be conducted. Defendant Bernard later contacted Grossnickle, but defendant Bernard refused to provide any copies of emails relating to Grossnickle. Allegedly on behalf of defendant McGee, defendants Hill and Bernard "rebuffed and ignored" efforts by Grossnickle to learn more about what had occurred. Grossnickle contends that, on November 13, 2008, he received a letter[4] from defendant Hill indicating that McGee had "conducted 'an authorized'r eview [sic] of Jerry's background"[5] and that "'[f]urther administrative action will follow.'" Id.

---

[4] In this brief, Grossnickle refers to an attached exhibit he claims is a letter from Hill indicating the unauthorized or improper nature of McGee's conduct. (Rec. Doc. No. 19 at 4-5). However, no such letter was attached to Grossnickle's brief.

[5] While Grossnickle contends in his complaint that the review conducted by McGee was authorized, in his brief opposing the motion to dismiss he contends

7

According to Mr. Grossnickle, he has been unable to make any further contact with defendant Hill.

In light of the above, Mr. Grossnickle alleges violations of his Fourth Amendment right to be free from unlawful searches, his Fourteenth Amendment substantive due process right to be free from interference with his marriage and right to equal protection of the laws, his First Amendment right to seek a redress of grievances, and state conspiracy law.

**V. DISCUSSION**

Section 1983 of Title 42 of the United States Code may be used as a vehicle for private citizens to redress acts committed by state officials that are violations of federal law. The statute provides:

> Every person who, under color of any statute, ordinance, regulation,

---

that the review was unauthorized and improper. (Rec. Doc. No. 19 at 4). Whether this conduct was authorized or unauthorized is immaterial to the present motion. See Eagle v. Morgan, 88 F.3d 620, 626 (8th Cir. 1996) (noting that "state laws . . . do not establish the parameters of constitutional rights, like the right to privacy, that are grounded in substantive theories of due process . . . . Quite to the contrary, these precepts achieve their scope from 'deeply rooted notions of fundamental personal interests derived from the Constitution.'") (internal citations omitted); see also Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir. 1995) (noting that, "[w]hile state statutes and regulations may inform our judgement regarding the scope of constitutional rights, they 'fall far short of the kind of proof necessary' to establish a reasonable expectation of privacy") (quoting Flanagan v. Munger, 890 F.2d 1557, 1571 (10th Cir. 1989)).

> custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

This statute does not provide substantive rights, but instead acts as a vehicle through which ordinary citizens may redress constitutional harms. See Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617 (1979) (noting that "one cannot go into court and claim a 'violation of § 1983' -- for § 1983 by itself does not protect anyone against anything"). In order to make out a claim through § 1983, a plaintiff is required to "'demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law.'" Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993)).

In his complaint, Grossnickle makes a number of allegations specifically against defendant McGee, the first two of which are raised through § 1983. First, Grossnickle alleges that defendant McGee violated Grossnickle's Fourth Amendment right to be free from unlawful searches when McGee conducted a background search of the plaintiff. Second, Grossnickle claims that McGee

9

interfered with Grossnickle's marriage; Grossnickle contends that McGee used his law enforcement powers in violation of Grossnickle's substantive due process rights under the Fourteenth Amendment.  Third, it appears that Grossnickle alleges that McGee conspired with the other defendants, under Pennsylvania law, to violate Grossnickle's constitutional rights.

For the following reasons, we will grant defendant McGee's motion to dismiss.  (Rec. Doc. No. 4).

### A. Whether Grossnickle States a Claim for Relief Based Upon the Fourth Amendment

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  It protects people, not places.  Katz v. United States, 389 U.S. 347, 351 (1967).  An individual may assert a Fourth Amendment claim only if he or she has a legitimate expectation of privacy in the thing that was searched.  Rakas v. Illinois, 439 U.S. 128, 143 (1978).  Thus, an individual must have a subjective expectation of privacy and that expectation must be one that society is prepared to recognize as reasonable.  Katz, 389 U.S. at 361 (Harlan, J., concurring).

Particular types of documents, especially those documents within the

possession of the police, have been recognized as not being entitled to protection under the Fourth Amendment. For example, the Court of Appeals for the Third Circuit has concluded, in discussing the United States Supreme Court's decision in Paul v. Davis, 424 U.S. 693 (1976), that "we cannot simply disregard the language of the Supreme Court rejecting any privacy interest in information, such as arrests, which is the subject of official records." Paul P. by Laura L. v. Verniero, 170 F.3d 396, 404 (3d Cir. 1999). The Third Circuit similarly concluded, in Scheetz v. Morning Call, Inc., 946 F.2d 202, 207 (3d Cir. 1991), "that the information contained in a police report is not protected by the confidentiality branch of the constitutional right of privacy." In Trade Waste Mgmt. Ass'n. v. Hughey, 780 F.2d 221, 115 (3d Cir. 1985), which is referenced by defendant McGee, the Third Circuit noted that a person's medical history is "protected from random governmental disclosure," but also that "records of criminal conviction and pending criminal charges . . . are by definition public." Furthermore, in Fraternal Order of Police, Lodge No. 5 v. City of Phila., 812 F.2d 105, 115 & 117 (3d Cir. 1987), also referenced by the defendant, the Third Circuit held that, while particular types of financial information are entitled to privacy protection, privacy protection is not afforded to arrest records, in light of their public nature and because of a lack of reasonable expectation in their remaining private.

The difficulty with applying the above-referenced law to the instant matter is due to the actual allegations that are contained within the complaint. Plaintiff contends that defendant McGee "unlawfully searched" him and that he has a Fourth Amendment right to be free from "illegal searches at the hands of law enforcement officials." (Rec. Doc. No. 1 at 1-2). More specifically, in his complaint, Grossnickle contends that McGee informed Heather that "he had run a background check on Jerry Grossnickle." Id. at 3. In his complaint Grossnickle concedes that "he had no way of knowing whether McGee had unlawfully searched his background, or had just told Heather that he (McGee) had checked Jerry's background to impress her . . . ." Id. at 4.

We are constrained to conclude that Mr. Grossnickle has failed to plead facts sufficient to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1960 (2007). It may be true that the allegations made by Mr. Grossnickle against defendant McGee state a possible claim to relief, or in fact are consistent with a Fourth Amendment violation. However, this is not enough. See Iqbal 129 S.Ct. at 1951 ("Taken as true, these allegations are consistent with the defendants' purposefully designating detainees 'of high interest' because of their race, religion, or national origin. But given more likely explanations, they do not plausibly establish this purpose").

As outlined by the Court in Twombly, the question is whether Grossnickle has "nudged [his] claim[] across the line from conceivable to plausible." 550 U.S. at 570. While it might be conceivable that Grossnickle has pled facts entitling him to relief, we cannot conclude that he has pled "enough facts to state a claim to relief that is plausible on its face." Id. For example, Grossnickle has not alleged that defendant McGee accessed private financial information or medical records that would clearly implicate the Fourth Amendment. On the contrary, all that Grossnickle relies on is defendant McGee's characterization of the search, whether authorized or not, as being a background search. As Plaintiff has failed to plead any facts sufficient to state a plausible claim to relief[6] - namely, that the information obtained by defendant McGee from the PSP's records was worthy of protection under the Fourth Amendment - we will grant defendant McGee's motion to dismiss as to Grossnickle's Fourth Amendment claim.

**B. Whether Grossnickle States a Claim for Relief Based Upon the Substantive Due Process Clause of the Fourteenth Amendment**

---

[6] Instead, Mr. Grossnickle merely posits that, apparently, the search was "unauthorized" and that McGee was "using his badge of authority, without any proper law enforcement purpose, to access restricted police data banks . . . ." (Rec. Doc. No. 19 at 5). We conclude that, under Iqbal and its predecessors, the complaint fails to state a claim upon which relief can be granted and, therefore, the plaintiff's claim based upon the Fourth Amendment should be dismissed.

Next, Mr. Grossnickle alleges that McGee interfered with Grossnickle's marriage by using his law enforcement powers in violation of Grossnickle's substantive due process rights under the Fourteenth Amendment. As to the substantive due process rights provision of the Fourteenth Amendment, two types of privacy interests are at issue: "[o]ne is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." Whalen v. Roe, 429 U.S. 589, 599-600 (1977). Grossnickle's Fourteenth Amendment claim, as Grossnickle does not allege improper disclosure but instead the improper harassment and interference with his marriage, is based upon an alleged violation of the latter type of privacy interest. See Doe v. Delie, 257 F.3d 309, 317 n.5 (3d Cir. 2001) ("Cases in the latter category describe the liberty interests in matters relating to *marriage*, procreation, contraception, family relationships, and child rearing and education.") (emphasis added) (citations omitted).

We believe that the conclusion reached by the court in Martsolf v. Brown, 2008 U.S. Dist. LEXIS 1721, *13-16 (M.D. Pa. Jan. 9, 2008) (Conner, J.), is instructive. Although the decision by the court in that case is certainly not controlling, it offers a proper analysis of the issue as presented by the plaintiff's Fourteenth Amendment claim in this case. In Marstolf, the plaintiff-husband

claimed that the defendants, by investigating and harassing his wife, had destroyed the couple's marriage and thus violated the plaintiff's Fourteenth Amendment substantive due process liberty interests concerning his marriage. Id. at 13. The court in Martsolf concluded that "[n]one of the allegations demonstrate, nor could they, that the defendants' actions prevented James or his wife from making independent decisions regarding their marriage." Id. at 14. The court went on to note that, "[w]hile the effect of the alleged harassment and retaliation on their marriage may be palpable, defendants' purported misdeeds did not preclude independent decision-making." Id. at 16. In light of the above, the court in Martsolf concluded that the plaintiff had failed to allege a violation of his substantive due process rights under the Fourteenth Amendment and dismissed the claim.

A similar result is warranted in the instant case. Grossnickle argues that the conduct on the part of defendant McGee is "prima facie actionable" because it was "[u]nauthorized, improper, unlawful interference" that so frightened Heather that she did not inform her husband of the alleged harassment until, apparently, June of 2008. (Rec. Doc. No. 19 at 6 and Rec. Doc. No. 1 at 4). However, like the plaintiff in Martsolf, Grossnickle has failed to allege how McGee's actions prevented Grossnickle and his wife, Heather, "from making independent decisions

15

regarding their marriage." 2008 U.S. Dist. LEXIS 1721 at *13-16 We do not discount or seek to diminish Grossnickle's contentions of harassment or any anguish or torment that may have been caused to the couple's marriage. However, as in <u>Martsolf</u>, Grossnickle has made no allegation that defendant McGee's actions "preclude[d] independent decision-making." <u>Id.</u> at 16. Therefore, we will dismiss Grossnickle's Fourteenth Amendment substantive due process claim for failure to state a claim upon which relief can be granted.

## C. Whether Grossnickle States a Claim for Relief Based Upon the State Law of Conspiracy

Third, Grossnickle contends that McGee conspired with the other named-defendants in violating Grossnickle's constitutional rights. Grossnickle appears to allege a civil conspiracy under state law. (<u>See</u> Rec. Doc. No. 1 at 6 (in which the plaintiff demands judgment "for civil conspiracy pursuant to Pennsylvania law")). In order to state a proper claim for civil conspiracy under Pennsylvania law, a plaintiff is required to allege:

> (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage.

<u>Gen. Refractories Co. v. Fireman's Fund Ins. Co.</u>, 337 F.3d 297, 313 (3d Cir. 2003)

(quoting Strickland v. Univ. of Scranton, 700 A.2d 979, 987-88 (Pa. Super. Ct. 1997)) (internal quotations omitted).  In his brief, Grossnickles argues that defendants Bernard and Hill "were working together to protect McGee and present Jerry with an impenetrable wall of police power seeking to subvert his right to complaint."  (Rec. Doc. No. 19 at 7).

Because we will dismiss the plaintiff's underlying § 1983 claims against McGee for violations of the Fourth and Fourteenth Amendments, plaintiff's conspiracy claim against McGee must be dismissed as well.  See Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. Ct. 2004) (noting that "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act") (quoting McKeeman v. Corestates Bank, N. A., 751 A.2d 655, 660 (Pa. Super. 2000)).

## VI.  CONCLUSION

In light of the above, we will grant defendant McGee's motion to dismiss.  (Rec. Doc. No. 4).

   s/ James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY GROSSNICKLE, | : |
| | : |

|                              |   |                   |
|------------------------------|---|-------------------|
| Plaintiff,                   | : |                   |
|                              | : | No. 4:09-CV-2190  |
| v.                           | : |                   |
|                              | : | (McClure, J.)     |
| OFFICER McGEE, OFFICER HILL, | : |                   |
| and OFFICER BERNARD,         | : |                   |
|                              | : |                   |
| Defendants.                  | : |                   |

## ORDER

April 19, 2010

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant McGee's Motion to Dismiss is **GRANTED**. (Rec. Doc. No. 4).

2. Plaintiff's complaint is dismissed as to defendant McGee.

        s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge